UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID DAVIS,

                                    Plaintiff,

v.

DUPERRON, *et al.*,

                                    Defendants.

Case No. 21-cv-10519
Honorable Bernard A. Friedman
Magistrate Judge Elizabeth A. Stafford

---

**REPORT AND RECOMMENDATION TO DISMISS DEFENDANT DUPERRON**

---

## I.      Introduction

In February 2021, Plaintiff David Davis filed this civil rights action under 42 U.S.C. § 1983 against Defendants Duperron and Rombach, employees of the Michigan Department of Corrections (MDOC).  ECF No. 1.  The Honorable Bernard A. Friedman referred the case to the undersigned to resolve all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 17.

Davis initially proceeded pro se and *in forma pauperis*, and the Court directed the U.S. Marshal Service to complete service without payment of costs in September 2021.  ECF No. 4; ECF No. 11.  A waiver of service

was returned unexecuted for Duperron in October 2021.  ECF No. 13.

Since Duperron was a former MDOC employee, the Court ordered MDOC

to provide the Marshal Service with his last known address.  ECF No. 18;

ECF No. 20.  The Marshal Service acknowledged receipt of service

documents, but the summons was returned as undeliverable in December

2022.  ECF No. 22; ECF No. 24.

Noting that Davis has been represented by counsel since September

2021, the Court ordered him to show cause why the claims against

Duperron should not be dismissed for failure to serve under Federal Rule of

Civil Procedure 4(m).  ECF No. 9; ECF No. 25.  Although notice of that

order was sent to Davis's attorneys, he failed to respond.  Because Davis

has not shown good cause for failing to serve Duperron, the Court

**RECOMMENDS** that the claims against Duperron be **DISMISSED** without

prejudice.

## II.    Analysis

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a

defendant within 90 days after filing the complaint.  If the plaintiff does not

do so, the Court must dismiss the action without prejudice as to the

unserved defendant "or order that service be made within a specified time."

Rule 4(m).  But if the plaintiff shows good cause for the failure, the Court

must extend the time for service.  *Id.*; *see also In re Lopez*, 292 B.R. 570, 574 (E.D. Mich. 2003).

For litigants proceeding *in forma pauperis*, "good cause" may depend on the Marshal Service's efforts to serve the defendant.  That is because when a plaintiff proceeds *in forma pauperis*, "the officers of the court shall issue and serve all process," and the Marshal Service has a duty to make reasonable efforts to serve defendants.  28 U.S.C. § 1915(d) (cleaned up); *see also VanDiver v. Martin*, 304 F. Supp. 2d 934, 939-41 (E.D. Mich. 2004).  Thus, "'a plaintiff proceeding in forma pauperis is entitled to rely upon service by the U.S. Marshal and should not be penalized for failure of the Marshal's Service to properly effect service of process, *where such failure is through no fault of the litigant*.'"  *VanDiver*, 304 F. Supp. 2d at 940 (quoting *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987)).  The Marshal Service is used to effect service in these cases for two reasons: (1) the security risks inherent in providing prisoners with the addresses of government officials, and (2) the difficultly that prisoners have in accessing information through the government.  *Id.* at 939.

But "a plaintiff may not remain silent and do nothing to effectuate service," and "at a minimum should request service upon the appropriate defendant *and attempt to remedy any apparent service defects of which a*

3

*plaintiff has knowledge*." *Id.* at 940 (cleaned up).  Almost two years have elapsed since Davis filed his complaint, and the Court notified Davis's counsel of the service defect.  This is not a case in which a pro se prisoner has done "everything in his power" to effect service through the Marshal Service or "repeatedly requested that the defendants be personally served when mail services failed." *Id.* (cleaned up).  Since Davis is represented by counsel, he does not face the same difficulties accessing information as a pro se prisoner.  Yet his attorneys have not tried to remedy the service defect by arranging for personal service on Duperron, requesting that the Marshal Service personally serve him, or even responding to the Court's show cause order.

Because Davis has failed to show good cause for his failure to serve Duperron under Rule 4(m), the claims against Duperron should be dismissed without prejudice.

### III.   Conclusion

The Court **RECOMMENDS** that Davis's claims against Duperron be **DISMISSED** without prejudice.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

4

Dated: February 1, 2023

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*.*  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page

limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 1, 2023.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager