UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DAVID DAVIS,<br><br>                       Plaintiff,<br><br>v.<br><br>TRAVIS ROMBACH,<br><br>                       Defendant. | Case No. 21-cv-10519<br>Honorable Bernard A. Friedman<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 36)**

### I.   Introduction

Plaintiff David Davis, a prisoner of the Michigan Department of Corrections (MDOC), filed this pro se civil rights action under 42 U.S.C. § 1983 against corrections officer Travis Rombach.  ECF No. 1.  Davis claims that Rombach retaliated against him and was deliberately indifferent to his serious medical needs, in violation of the First and Eighth Amendments.  *Id.*  The Honorable Bernard A. Friedman referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 17.

Rombach moves for summary judgment. ECF No. 36. Davis withdrew his First Amendment retaliation claim but opposes summary judgment of his Eighth Amendment claim. ECF No. 45, PageID.314. The Court **RECOMMENDS** that Rombach's motion be **GRANTED**.

II.   **Background**

On July 21, 2020, Davis was ordered to pack his belongings into a duffel bag. ECF No. 36-2, PageID.161-163. Davis has a chronic hernia and claims that he had a medical accommodation restricting him from carrying more than 15 or 25 pounds. *Id.*, PageID.167. Because of this restriction, Aaron Self took Davis's bag to the unit desk for him. *Id.*, PageID.164; ECF No. 45-2. Rombach ordered Self to return the bag to Davis and said that Davis needed to bring it to the desk himself. ECF No. 36-2, PageID.164; ECF No. 45-2.

Davis brought the bag to the top of the stairs near the desk and told Rombach that he had a medical accommodation and could not carry the bag further. ECF No. 36-2, PageID.165; ECF No. 45-2. Rombach ordered Davis to bring the bag down the stairs himself, and Davis complied. ECF No. 36-2, PageID.165; ECF No. 45-2. After inspecting the bag, Rombach ordered Davis to take it back to his cell. ECF No. 36-2, PageID.165. Davis again objected, and Rombach threatened to write him up for disobeying a

2

direct order. *Id.* Davis carried the bag halfway up the stairs when he injured his back and exacerbated his hernia. *Id.*, PageID.166.

Davis claims that Rombach was deliberately indifferent by forcing him to carry the bag despite the medical accommodation. ECF No. 1, PageID.7.

### III. Analysis

#### A.

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must specify the portions of the record that show the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue

for trial. *Id.* at 324. The Court must view the factual evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

**B.**

The Eighth Amendment protects against the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII; *Estelle v. Gamble*, 429 U.S. 97, 101 (1976). Because the government must provide medical care for those it has incarcerated, "[d]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain," and thus violates the Eighth Amendment. *Estelle*, 429 U.S. at 103-04. But a plaintiff must show more than a mere failure to provide adequate medical care to prove a constitutional violation. *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018). "A constitutional violation arises only when a prison official exhibits deliberate indifference to a prisoner's serious illness or injury that can be characterized as obduracy and wantonness rather than inadvertence or" good-faith error. *Id.* (cleaned up).

To prevail on a deliberate indifference claim, an inmate must satisfy both an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). For the objective component, Davis must show that Rombach's acts or omissions deprived him of "the minimal civilized

4

measure of life's necessities" and posed "a substantial risk of serious harm." *Id.* The subjective component requires proof that the prison official acted with deliberate indifference, meaning that the official knew of but disregarded "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010).

Davis's claim fails because he cannot meet the subjective component; the evidence supports Rombach's assertion that he was unaware of a valid restriction on July 21, the date of the incident. ECF No. 48-1, PageID.370. Davis asserts that he developed a hernia in 2010 and had an accommodation preventing him from lifting more than 15 to 25 pounds. ECF No. 36-2, PageID.167. He also points to a grievance response stating, "It was found after checking with [h]ealth care that [Davis] had a medical accommodation restricting the amount he could left [sic]." ECF No. 45-5. The response concluded that "[t]he proper process for checking accommodations will be reviewed with staff involved." *Id.*

But Rombach cites an affidavit from MDOC's health information manager stating that a review of Davis's medical records showed no lifting restriction in place on July 21. ECF No. 36-3. And medical records show

5

that healthcare did not restrict Davis to lifting no more than 20 pounds until July 24, 2020, three days after the incident.  ECF No. 47-3, PageID.364.  The grievance response Davis points to was drafted on August 11, 2020, well after the July 21 incident.  *Id.*

The evidence also shows that Rombach acted with a subjective intent to follow prison regulations rather than to harm Davis.  MDOC Policy Directive 04.07.112 provides that "a prisoner may at any time be given a direct order to pack up their property," and that "a prisoner shall not be allowed access to another prisoner's [packed] property except as necessary to transport sealed property under direct staff supervision."  ECF No. 36, PageID.147; ECF No. 36-5, PageID.187-188, ¶¶ W, EE (cleaned up).

Davis argues that Rombach often permitted inmates to assist each other with transporting property.  ECF No. 45, PageID.314; ECF No. 45-3, PageID.326.  But even if Rombach selectively enforced the policy about transporting other prisoners' property, Davis could not sustain his deliberate indifference claim.  Rombach's selective enforcement would not support an inference that he had a subjective intent to harm Davis without evidence that Rombach knew that Davis was medically restricted.  And as Rombach argues, Davis does not claim discrimination and has withdrawn

6

his retaliation claim—both contexts in which selective enforcement may be relevant.  See ECF No. 47, PageID.352.

Davis also argues that Rombach failed to follow other policies requiring prison staff to contact healthcare for verification if a prisoner claims to have a valid accommodation.  ECF No. 45, PageID.317; ECF No. 45-8, PageID.345, ¶ I.  But a prison official's failure to follow MDOC policies is not actionable under § 1983.  Coleman v. Martin, 363 F. Supp. 2d 894, 903 (E.D. Mich. 2005) ("The failure of a prison, or the state, to follow its own policies and procedures does not amount to a constitutional violation.").  And even if Rombach had sought verification from healthcare, the evidence shows that no accommodation was in place.

Because Davis has not shown that Rombach disregarded a known risk to his health, summary judgment on the Eighth Amendment claim is warranted.  See Bagley v. Eubanks, No. 2:20-cv-151, 2022 WL 4097574, at *5 (W.D. Mich. Aug. 12, 2022) (a plaintiff's statement to the defendant that he had a chronic back condition that prevented him from lifting trash bags, "which was not supported by medical documentation or a work restriction – is not enough to create a genuine issue as to the subjective component").

## IV. Conclusion

The Court thus **RECOMMENDS** that Rombach's motion for summary judgment be **GRANTED** (ECF No. 36).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: June 3, 2024

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the

objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 3, 2024.

                                            s/Julie Owens
                                            Julie Owens
                                            Case Manager